**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**JESSE A. MILES and**                                                                 **PLAINTIFFS**
**DELISA G. MILES**

**V.**                                                                 **NO. 1:24-CV-14-DMB-DAS**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                                 **DEFENDANT**

**OPINION AND ORDER**

Jesse Miles and Delisa Miles sued State Farm Fire and Casualty Company alleging bad faith after State Farm denied their insurance claim for water damage to their home. State Farm moves to dismiss the case based on the Mileses' failure to join the mortgagees as necessary parties or, alternatively, State Farm requests the Mileses be required either to join the mortgagees as parties or provide the mortgagees notice and an opportunity to intervene. Because one of the two mortgagees released its interest but the other has not, the motion to dismiss will be granted in part.

**I**
**Procedural History**

On November 14, 2023, Jesse A. Miles and Delisa G. Miles filed an amended complaint in the Circuit Court of Prentiss County, Mississippi, against "State Farm Fire and Casualty Company, State Farm Insurance" alleging a bad faith claim based on the alleged "fail[ure] to pay the legitimate underlying claim [for water damage to their home] and fail[ure] to provide the bill of rights as requested and required by Mississippi law." Doc. #2 at PageID 38, 42. Asserting diversity jurisdiction and that it was "improperly named as 'State Farm Fire and Casualty Company, State Farm Insurance,'" State Farm Fire and Casualty Company ("State Farm") removed the case to the United States District Court for the Northern District of Mississippi on

January 24, 2024.  Doc. #1.  On March 7, 2024, the parties stipulated to the dismissal without prejudice of all claims against "State Farm Insurance."  Doc. #9.

On November 11, 2024, State Farm filed a "Motion to Dismiss for Failure to Join Mortgagees" "pursuant to Rules 17 and 19 of the Federal Rules of Civil Procedure."  Doc. #29 at 1.  The Mileses responded in opposition to the motion on December 18, 2024, after being granted a requested extension to do so,[1] attaching an "Authority to Cancel" as an exhibit.  Docs. #33, #37, #37-1.  State Farm did not reply.

Following a June 3 status conference with the Court,[2] the Mileses filed a "Supplemental Response to Motion to Dismiss for Failure to Join Mortgagees" on June 17.  Docs. #82, #87.

## II
## Rule 19[3]

Federal Rule of Civil Procedure 19(a)(2) provides that "[i]f a person has not been joined as required, the court must order that the person be made a party."[4]  "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:"

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[1] Under the extension granted, the response was due December 15, 2024.  Doc. #33.  The Mileses initially filed a response on December 12 but were twice directed by the Clerk of the Court to refile it due to procedural failures. Docs. #35, #36.

[2] On May 22, 2025, United States Senior District Judge Glen H. Davidson recused from this case, and the case was reassigned to the undersigned district judge.  Doc. #79.

[3] While State Farm filed its motion pursuant to both Rules 17 and 19, it only mentions Rule 17 once in its memorandum brief and then only in conjunction with its discussion of Rule 19.  *See* Doc. #30 at 4 ("Avoidance of inconsistent results and requiring adjudication of all issues related to one claim in one venue is the rationale behind Rules 17 and 19 of the Federal Rules of Civil Procedure.").

[4] "In a diversity action, joinder [of a party] is a question of federal law."  *Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 Fed. App'x 239, 246 (5th Cir. 2020).

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Pro. 19(a)(1)(A)-(B). *See Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 265-66 (5th Cir. 2022) (three types of Rule 19(a) "required" parties are those needed to give complete relief to existing parties, those who claim interests which could be practically impaired or impeded if not joined, and those necessary to ensure existing parties are not exposed to multiple or inconsistent obligations); *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) ("If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation."). A case is properly dismissed when there is a "failure to join a [required] party under Rule 19." Fed. R. Civ. Pro. 12(b)(7). In determining whether a party must be joined under Rule 19, "the court accepts all allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party" and "may also consider evidence submitted by the movant." *Int'l Pecans, LLC v. Ultra Trading Int'l Corp.*, 764 F. Supp. 3d 527, 533 (W.D. Tex. 2025). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'" *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009) (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d at 1305, 1309 (5th Cir. 1986)).

### III
### Factual Allegations

Jesse Miles and Delisa Miles are owners of a house and lot located at 406 West George E. Allen Drive, in Booneville, Mississippi. Doc. #2 at PageID 38. On May 25, 2022, State Farm

issued a homeowners policy" ("Policy") to the Mileses on their property with a coverage period

through May 25, 2023. Doc. #27-1 at PageID 406–07. Relevant here, the Policy lists two

mortgagees—first, JPMorgan Chase Bank NA and then Cadence Bank—and provides, "If a

mortgagee is named in this policy, any loss payable under Coverage A will be paid to the

mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment

will be the same as the order of precedence of the mortgages." *Id.* at PageID 407, 452 (emphasis

omitted).

On October 17, 2022, the Mileses discovered water damage to their home, for which they

engaged the services of several entities to perform clean-up and repair work to the damaged area,

including both labor and materials. Doc. #2 at PageID 39, 54. The total amount to repair the

damaged areas was approximately $30,122.63.[5] *Id.* at PageID 39. They notified State Farm of the

loss. *Id.* at PageID 40. On November 13, 2022, State Farm denied coverage for the loss, explaining

to the Mileses that their "flood damage is the result of water from the A/C system that had

continuous and repeated leakage over time [and a]s discussed, these damages are unfortunately

not covered by your Homeowner's Policy." *Id.* at PageID 55.

## IV
## Discussion

In its motion to dismiss, State Farm requests "an Order dismissing the claims against it for

[the Mileses'] failure to join a necessary party, or alternatively … an Order directing [the Mileses]

to join the mortgagees which hold an interest in the property and policy proceeds at issue herein,

or require that they provide such interest holders notice and an opportunity to intervene." Doc.

#29 at 2. State Farm argues that (1) "[s]ince [JP Morgan and Cadence Bank] are not parties to this

---

[5] This amount does "not include the time [the Mileses] spent in traveling to and from the suppliers to obtain materials."
Doc. #2 at PageID 39.

action, neither would be bound by an adjudication by this Court concerning the extent to which coverage is available under the Policy for the alleged damages to the dwelling[ and a]s a result, [it] could be faced with defending an additional separate suit(s) by [JP Morgan and Cadence Bank] for the same losses with the potential for an inconsistent result before another Court;" (2) "joinder of [JP Morgan and Cadence Bank] should be required [because] Mississippi law is clear [that] a mortgagee which holds an interest in the property allegedly damaged and for which an insurance claim is made, is a necessary party to a suit to recover such proceeds;" and (3) for this reason, "[i]f payment is owed under the dwelling coverage … of the policy, the mortgagees on the policy would be entitled to be included in such payment based on the unambiguous policy language quoted above." Doc. #30 at 4. State Farm specifies that JP Morgan should be joined as a defendant because such "will not destroy diversity;" and Cadence Bank should be joined but re-aligned as a plaintiff because "[t]he addition of … Cadence Bank … as a defendant will destroy diversity." *Id.* at 5.

The Mileses respond that "the primary mortgage lender in this matter was JPMorgan Chase Bank, NA, but as shown by the Authority to Cancel the deed of trust …, that deed of trust has been cancelled by virtue of [them] having paid off that indebtedness in full." Doc. #37 at PageID 526. Regarding Cadence Bank, they submit that "through their counsel, [they] immediately began to contact Cadence Bank about their loan with [it]," and while "[i]t is anticipated that [Cadence Bank] will want to file a ratification agreement which would negate their being named parties …, Cadence Bank has failed to return the many calls of the[ir counsel] so this matter can be discussed." *Id.* at PageID 527. According to the Mileses, they "will comply with whatever this Court decides about naming Cadence Bank as a party, but would prefer that they be given an opportunity to more officially notify Cadence Bank as to whether or not they had rather execute a ratification agreement

instead of being involved in this litigation" or "be given an opportunity to … file whatever is necessary to name Cadence Bank as a party."[6]  *Id.* at PageID 527–28.

In the "Authority to Cancel," which states it is "[p]ursuant to Miss. Code Ann. § 89-5-21,"[7] JP Morgan "authorized and requested [the Prentiss County Chancery Clerk] to enter satisfaction of and cancel of record a certain Deed of Trust executed by Delisa G Miles and Jesse Allen Miles …, 406 W George E Allen Dr, Booneville, MS 38829 … to [it]," with its marginal notation showing such as to the deed of trust.  Doc. #37-1 at PageID 530–31.  Because JP Morgan released its interest in the Mileses' property in the Authority to Cancel, its joinder as a party is not required.

As to Cadence Bank, the parties do not dispute—and the Court does not question—that it is a required party under Rule 19 because as a mortgagee its absence could expose State Farm to multiple suits if the Mileses recover from State Farm but Cadence Bank's lien is not satisfied.[8] However, dismissal is only proper if a required party "cannot be joined."  *Escamilla v. M2 Tech., Inc.*, 536 Fed. App'x 417, 420 (5th Cir. 2013).  No argument or evidence has been presented indicating Cadence Bank cannot be joined as a party.  And though it appears Cadence Bank's joinder as a defendant would destroy the Court's diversity jurisdiction,[9] "[f]ederal courts have a

---

[6] Attached to the Mileses' supplemental response is a photograph of a printout which they describe as "a paid receipt" showing their "indebtedness has now also been paid in full."  Doc. #87 at PageID 809, 812.  The Court declines to consider the photograph because it is unauthenticated.  Regardless, it does not satisfy the requirements of Miss. Code Ann. § 89-5-21, which the Mileses seem to admit.  *See id.* at 809 ("[W]e do not have the cancellation of the deed of trust as yet ….").  Based on an e-mails from counsel to the Court on June 13, State Farm does not believe it is relieved of its obligation to make payment as directed by the Policy if it owes anything for a covered loss because the "paid receipt" does not show Cadence Bank "has cancelled, marked satisfied, or otherwise released the lien."

[7] Section 89-5-21(1) provides that "any mortgagee … of real or personal estate, having received full payment of the money due by the mortgage or deed of trust, shall enter satisfaction upon the margin of the record of the mortgage or deed of trust, which entry shall be attested by the clerk of the chancery court and discharge and release the same …, and the title shall thereby revest in the grantor."  *See The Pennington Group, LLC v. PriorityOne Bank*, 228 So. 3d 880, 885 (Miss. Ct. App. 2017) ("[It] is true Mississippi Code Annotated section 89-5-21 … requires a creditor to cancel its deed of trust upon its receipt of full payment of the money due by the deed of trust.").

[8] *See* Doc. #27-1 at PageID 452.

[9] The notice of removal alleges that the Mileses "are citizens of Mississippi;" and State Farm "is a citizen of the state of its principal place of business and place of incorporation, both of which are Illinois."  Doc. #1 at 3.  According to State Farm, Cadence Bank "is a Mississippi State chartered bank."  Doc. #30 at 5.  A state bank is a citizen of the state

duty to ensure that the parties are properly aligned, and, if necessary, they must carry out that duty

sua sponte" as long as "there is a 'collision of interest' between the parties in question." *GuideOne*

*Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 681 n.2

(5th Cir. 2012) (quoting *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010)). State Farm

acknowledges that the Mileses and Cadence Bank "share the same ultimate interest in the outcome

of the action" because "[i]f payment is owed under the dwelling coverage … of the policy, …

Cadence Bank, as mortgagee[] under the policy, would be entitled to be included in such payment

based on the unambiguous policy language, including, the mortgage clause." Doc. #30 at 6

(internal quotation marks and citation omitted). So, the Court concludes that Cadence Bank must

be joined as a party but can be realigned as a plaintiff to avoid destroying diversity jurisdiction.

*See Thompson v. Bankers and Shippers Ins. Co. of N.Y.*, 479 F. Supp. 956, 959 (N.D. Miss. Oct.

10, 1979) ("North Mississippi Savings and Loan is an additional insured, and any proceeds

recoverable under the policy will be payable to it. Since the action is based upon the insurance

company's refusal to pay under the terms of the policy, the interests of North Mississippi Savings

and Loan coincide with those of the plaintiffs. The motion to remand should therefore be denied,

and the parties realigned to reflect their ultimate interests.").

**V**
**Conclusion**

State Farm's motion to dismiss [29] is **GRANTED in Part and DENIED in Part**. It is

GRANTED to the extent it requests the Mileses be required to join Cadence Bank as a necessary

party or notify Cadence Bank of its opportunity to intervene. It is DENIED in all other respects.

---

where it is chartered. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) ("A business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and … 'of the State where it has its principal place of business'" and "[s]tate banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within this prescription.") (internal citation omitted).

No later than August 15, 2025, the Mileses must (1) join Cadence Bank as a party, or (2) notify Cadence Bank of this order and its opportunity to intervene, and file a notice indicating the date they provided such notice to Cadence Bank.[10] The Mileses' failure to do either by the deadline set will result in the dismissal of this case without further notice.

SO ORDERED, this 1st day of August, 2025.

/s/Debra M. Brown
UNITED STATES DISTRICT JUDGE

---

[10] If Cadence Bank is joined as a party, the Court will realign it as a plaintiff. Of course, if the Mileses obtain competent proof that Cadence Bank has released its interest in accordance with Miss. Code Ann. § 89-5-21, such should be immediately brought to the attention of the Court and State Farm by appropriate docket filing.